# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN KERRY O'KEEFE,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent*.

No. 3:14-cv-00411-RCJ-WGC

ORDER

This action brought by a Nevada state inmate comes before the Court on petitioner's application (#3) to proceed *in forma pauperis* and for initial review of the papers presented.

### *Background*

Petitioner Brian O'Keefe seeks to pursue a petition for a writ of *coram nobis* purportedly as an independent action under habeas jurisdiction pursuant to 28 U.S.C. § 2241 as well as pursuant to alleged jurisdiction under the All Writs Act, 28 U.S.C. § 1651. Petitioner seeks to challenge a December 30, 2004, Nevada state conviction for battery and burglary. Petitioner was sentenced in 2004 to time served on the battery and to a suspended sentence with probation not to exceed five years on the burglary.

Petitioner urges that this Court retains habeas jurisdiction under § 2241 based upon his prior petition in No. 2:11-cv-02109-JCM-VCF. In that action, O'Keefe filed a petition in this Court seeking intervention in a pending state court murder prosecution. This Court dismissed the action without prejudice for lack of exhaustion, and an appeal remains pending.

The online docket records of the state courts and of the United States Supreme Court collectively reflect the following. Petitioner ultimately was convicted, pursuant to a jury verdict,

in the state murder prosecution of second-degree murder with the use of a deadly weapon. The judgment of conviction was filed on September 5, 2012. The Supreme Court of Nevada affirmed the conviction in No. 61631 in that court on April 10, 2013, and the court denied a petition for rehearing on June 13, 2013. On August 19, 2013, petitioner filed a petition for a writ of *certiorari* in the United States Supreme Court under No. 13-6031 in that court. The Supreme Court denied the petition on October 15, 2013.

Petitioner further has filed proceedings in the state district court and state supreme court following the affirmance of his conviction. The Court expresses no opinion at this juncture, in connection with the dismissal of this action without prejudice as discussed *infra*, as to whether the post-affirmance proceedings filed by petitioner would qualify for statutory tolling of the federal limitation period under 28 U.S.C. § 2244(d)(2).

### *Discussion*

The papers presented are subject to multiple substantial defects.

First, petitioner did not properly commence the action by submitting a properly-completed pauper application with all required attachments. Under 28 U.S.C. § 1915(a)(2) and LSR1-2 of the local rules, a petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner did not submit an inmate account statement. The financial certificate appears to be on a state court form, does not include the information required instead by the federal form, and was executed more than three months prior to the initiation of this action. To properly commence an action with a pauper application, petitioner must use the required federal form in its entirety, and he must attach all required financial documentation with reasonably current information.

Second, petitioner cannot proceed directly against the State of Nevada in federal court. Petitioner may not proceed directly against the State due to the state sovereign immunity recognized by the Eleventh Amendment. State sovereign immunity bars an action directly against the State in federal court regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

/ / / /

Third, to the extent that petitioner seeks to pursue a habeas action, he otherwise has not named a proper respondent. Petitioner must name his physical custodian as a respondent to properly invoke habeas jurisdiction.

Due to these multiple substantial defects, the Court will dismiss this improperly-commenced action without prejudice. The dismissal of this action without prejudice will not: (a) itself result in the federal limitation period for a habeas proceeding necessarily expiring with respect to a habeas challenge to the 2012 murder conviction;[1] (b) materially impact the analysis of any issue in a later action as to a habeas challenge to the 2004 battery and burglary conviction as such;[2] and/or (c) otherwise result in substantial procedural prejudice.

---

[1] The limitation period as to the 2012 murder conviction did not begin to run under 28 U.S.C. § 2244(d)(1)(A) before the Supreme Court's October 15, 2013, denial of *certiorari* review.

[2] There would appear to be no federal habeas jurisdiction over petitioner's challenge to his 2004 conviction for battery and burglary – as such – because the sentences on that conviction have fully expired. The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" under the conviction at the time that the petition is filed. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner no longer is "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction where the sentence imposed by the judgment has fully expired prior to the filing of the federal petition. *See, e.g., Maleng*, 490 U.S. at 492; *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). The sentences on the 2004 judgment of conviction are fully expired and there therefore is no habeas jurisdiction over a direct challenge to that judgment.

To the extent that petitioner would seek to challenge the 2004 judgment of conviction in connection with a challenge to the 2012 judgment of conviction, as noted in the text, the limitation period on the 2012 judgment of conviction did not begin to run before October 15, 2013. The limitation period as to a challenge to the 2004 judgment standing alone otherwise expired on its face long ago. A dismissal without prejudice of the present improperly-commenced action would materially impact the analysis in a later action neither of the limitation period that has not expired nor of the one that long since expired.

A state inmate otherwise may not challenge a state conviction in federal court through a petition for a writ of *coram nobis*. Such a petition, where it is available, may be brought only in the court that sentenced the petitioner, as a continuation of the original criminal proceeding. It is not a writ that is available in a civil post-conviction proceeding in federal court to challenge a conviction or sentence entered by a state court. *See, e.g.,Yasui v. United States*, 772 F.2d 1496, 1498-99 (9th Cir. 1985); *Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955). The All Writs Act otherwise does not constitute an independent source of jurisdiction in and of itself. *See, e.g., Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). There thus would appear to be no jurisdiction over this action as an independent action *qua* a petition for a writ of *coram nobis* and/or under the All Writs Act.

Petitioner's contention that he can establish habeas jurisdiction over this action derivatively from No. 2:11-cv-02109 would appear to be frivolous. Petitioner's effort in the prior action to halt his then pending state murder prosecution in no sense establishes a basis for derivative habeas jurisdiction over this action seeking

(continued...)

Petitioner at all times remains responsible for properly calculating the running of the federal limitation period and properly presenting claims. Nothing herein – in dismissing an improperly-commenced action – directs petitioner to file any particular proceeding in any court. Nothing herein in particular suggests to petitioner that the federal limitation period on a federal habeas challenge to his 2012 murder conviction is not running, now, while his appeal in No. 2:11-cv-02109 is pending. In this action, this Court, again, simply is dismissing an improperly-commenced action. Petitioner at all times remains responsible for properly calculating the running of the federal limitation period and properly presenting claims.

The Court further has no occasion to consider whether this improperly-commenced action should be reconstrued as an attempted amendment to the pleadings in No. 2:11-cv-02109. That action presented only a request for pretrial intervention in a pending state criminal proceeding; the action would not in and of itself result in a later federal petition being a successive petition; petitioner in all events now is represented by counsel in that proceeding; and petitioner has been told multiple times in that action that he can seek relief therein only through his counsel therein. There accordingly is no occasion for reconstruing the *pro se* filings herein as some request for relief in the prior federal action. Petitioner's counsel is in a position to file any – warranted and necessary – papers as to that action in that action without any reconstruction of filings herein.

IT THEREFORE IS ORDERED that petitioner's application (#3) to proceed *in forma pauperis* is DENIED without prejudice and that this improperly-commenced action is DISMISSED without prejudice.

IT FURTHER IS ORDERED that any pending motions herein are DENIED as moot.

---

[2](...continued)
to challenge the 2004 battery and burglary conviction. If petitioner wishes to challenge an allegedly improper use of the 2004 conviction in the murder prosecution, he cannot do so outside a properly commenced habeas action challenging the 2012 murder conviction, as opposed to in an alleged derivative action.

The salient point for the present action, however, simply is that a dismissal of this improperly-commenced action without prejudice will not materially impact the analysis of any and all such issues in a properly commenced new action.

1    IT FURTHER IS ORDERED that, to the extent required in this procedural context, a certificate of appealability is DENIED. For the reasons discussed herein, jurists of reason would not find the district court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect. As discussed herein, no adverse limitation consequences or other substantial procedural prejudice will result from the dismissal without prejudice.

   The Clerk of Court shall SEND petitioner two copies each of a § 2254 habeas petition form and a pauper application form, along with one copy each of the instructions for the forms and of the papers presented in this action.

   The Clerk further shall SEND an informational hard copy of this order and ## 1 & 3 also to Mr. Ryan Norwood with the Federal Public Defender's Office and shall note the hard copy transmittal along with the docketing of this order.

   The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

   DATED:   August 26, 2014.

   _____
   ROBERT C. JONES
   United States District Judge